THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES CAVANAUGH, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 8, 1971, resentencing him as a second felony offender to a term of 7½ to 10 years *nunc pro tunc* as of October 24, 1967, upon a conviction of robbery in the second degree, on his plea of guilty. Judgment reversed, on the law, and case remitted to the Criminal Term for further proceedings not inconsistent with the views herein set forth. On October 24, 1967 defendant was sentenced, as a third felony offender, to a term of 7½ to 10 years upon a conviction, on his plea of guilty, for robbery in the second degree. Although he did not challenge the constitutionality of the 1952 Kings County and the 1955 Orange County predicate felony convictions, the sentencing court specifically allowed him to preserve his right to raise such issues in the future. Upon the subsequent vacatur of the 1955 conviction, defendant was returned to the Supreme Court, Kings County, on March 8, 1971 for resentence as a second felony offender. At that time defendant challenged the constitutionality of the 1952 predicate conviction, alleging various improprieties in connection with the acceptance of his plea of guilty, and requested a hearing upon that issue. The court declined to pass upon the

issue, stating that the proper remedy was by way of a *coram nobis* application directed to the 1952 conviction, and sentenced defendant, as a second felony offender, to the identical term of $7\frac{1}{2}$ to 10 years. In our opinion, the procedure followed by the sentencing court was erroneous. We have repeatedly held that upon arraignment on a prior offense information the court must hear and determine a challenge to the constitutionality of the prior conviction before it imposes sentence (*People* v. *Webster*, 32 A D 2d 557; *People* v. *McRae*, 32 A D 2d 772; *People* v. *Di Giangiemo*, 34 A D 2d 960). Upon the remand hereby directed, a hearing should be held in connection with the issues raised by defendant (*People* v. *Lindbergh*, 33 A D 2d 800). Defendant may then be resentenced as a first or a second felony offender, depending upon the determination made with respect to the validity of the 1952 conviction. We note further that, were it not for this procedural defect, we would reject defendant's contention that the term imposed upon resentence was excessive and would affirm the judgment. Hopkins, Acting P. J., Martuscello, Gulotta, Brennan and Benjamin, JJ.